# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| MARIANNE GOOD and RAY GOOD,<br><br>Plaintiffs,<br><br>vs.<br><br>TYSON FOODS, INC., ANTHONY KARNES, MARTIN CHAPA, RICK GLEASON and MIKE GROTHE,<br><br>Defendants. | No. 06-CV-1003-LRR<br><br>**ORDER** |

_____

## *TABLE OF CONTENTS*

I.   *INTRODUCTION* .................................................. *2*

II.  *PROCEDURAL HISTORY & SUMMARY OF ARGUMENT* ........... *2*

III. *THE MERITS* ..................................................... *4*

    A.   *Motion to Strike* ........................................... *4*

    B.   *Motion to Remand* ......................................... *5*

        1.   *Was Chapa's Notice of Removal Timely Filed?* .......... *6*

        2.   *Does Count 1 "Arise Under" the Workers'*
           *Compensation Laws of Iowa* ........................ *7*

        3.   *Should the Court Exercise Supplemental Jurisdiction*
           *over Plaintiffs' State Law Claims?* .................... *8*

    C.   *Motion for Joinder* ......................................... *9*

IV.  *CONCLUSION* ................................................... *10*

## I. INTRODUCTION

Before the court is Plaintiffs' Motion to Strike Notice of Removal by Martin Chapa, Motion to Remand and Motion for Joinder ("Motion") (docket no. 4).

## II. PROCEDURAL HISTORY & SUMMARY OF ARGUMENT[1]

On December 9, 2005, Plaintiffs Marianne and Ray Good filed a four-count Petition at Law against Defendants Tyson Foods, Inc. ("Tyson"), Anthony Karnes, Martin Chapa, Rick Gleason and Mike Grothe in the Iowa District Court in and for Black Hawk County. In Count 1, Marianne Good alleges her co-workers, Karnes, Chapa, Gleason and Grothe, committed "gross negligence" when they "refuse[d] to send her for medical treatment and forced her to continue to perform her job." In Count 2, Marianne Good alleges all of the Defendants committed the tort of "bad faith" when they unreasonably ignored or denied her medical treatment. In Count 3, Marianne Good alleges Tyson violated the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2615 *et seq.*, when it did not give her time off and constructively discharged her after a hog fell on her arm. In Count 4, Ray Good alleges a loss of consortium claim against all of the Defendants.

On or about December 21, 2005, Plaintiffs served Tyson, Gleason and Grothe with the Petition at Law. On December 31, 2005, Plaintiffs served Chapa. Plaintiffs have not yet served Karnes.

On January 10, 2006, Tyson filed a Notice of Removal in this court. Tyson invoked the court's federal question jurisdiction under 28 U.S.C. § 1331. Tyson's Notice of Removal was docketed in Case No. 06-CV-2003-LRR.

On January 25, 2006, Plaintiffs filed a Motion to Remand in Case No. 06-CV-2003-

---

[1] The court has already ruled on a number of outstanding motions involving this same state court matter, Black Hawk County, Iowa, Case No. LACV 097089. Only the salient procedural history is recited herein.

LRR. Plaintiffs contended that Tyson's Notice of Removal was defective because it did not state whether Tyson's co-defendants joined in the removal.[2]

On January 26, 2006, Chapa filed a Notice of Removal in this court. Chapa's Notice of Removal states that Tyson, Gleason and Grothe join in and consent to the removal and that Plaintiffs have not served Karnes, so his consent is unnecessary. Chapa's Notice of Removal was docketed in the instant case, Case No. 06-CV-1003-LRR. Tyson, Gleason and Grothe contemporaneously and jointly filed a Joinder in Chapa's Removal.

On the same date, Tyson sought to amend its Notice of Removal in Case No. 06-CV-2003-LRR to state that (1) Chapa, Gleason and Grothe consent to Tyson's removal and (2) Karnes's consent is unnecessary, because Plaintiffs have not served him. Chapa contemporaneously filed a Joinder in [Tyson's Notice of] Removal in Case No. 06-CV-2003-LRR. Plaintiffs resist the motion to amend on the grounds that it was filed thirty

---

[2] "Under the rule of unanimity, ordinarily all defendants must join in a notice of removal or the case will be remanded." *Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 755 n.2 (8th Cir. 2001) (citing *Chi., Rock Island, & Pac. Ry. v. Martin*, 178 U.S. 245, 251 (1900) and *Bradley v. Md. Cas. Co.*, 382 F.2d 415, 419 (8th Cir. 1967)); *cf. Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002) (holding nominal parties need not consent to removal); *Wright v. Mo. Pac. R.R. Co.*, 98 F.2d 34, 35-36 (8th Cir. 1938) ("It is the general rule that a non-resident defendant, although he is charged jointly with other defendants, need not be joined in removal if he has not been served with summons."). If a co-defendant does not join in the notice of removal, the removing party must explain in the notice of removal why the co-defendant's consent is unnecessary. *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) (citing, in part, 16 James Wm. Moore et al., *Moore's Federal Practice* § 107.11(d) (3d ed. 1997) ("[T]he notice of removal should expressly indicate why one or more defendants have not joined in the removal notice.")); *see, e.g., Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985) ("[T]he removal petition will be effective provided that it alleges that the defendants who did not join in it were not served in the state proceeding.").

3

days after Tyson, Gleason and Grothe were served.[3]

On February 10, 2006, Plaintiffs filed the instant Motion in the instant case, Case No. 06-CV-1003-LRR. On February 13, 2006, Chapa, Tyson, Gleason and Grothe filed a Resistance.

### III. THE MERITS

Plaintiffs ask the court to strike Chapa's Notice of Removal pursuant to Federal Rule of Civil Procedure 12(f) because it duplicates Tyson's Notice of Removal. In the alternative, Plaintiffs ask the court to remand all or at least part of this case to state court. In the further alternative, Plaintiffs ask the court to join this case with Case No. 06-CV-2003-LRR.

#### A. Motion to Strike

Plaintiffs ask the court to strike Chapa's Notice of Removal pursuant to Federal Rule of Civil Procedure 12(f). Rule 12(f) states:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f). Although the court enjoys "broad discretion" in deciding whether to strike a party's pleadings, "striking a party's pleadings is an extreme measure."

---

[3] The Eighth Circuit Court of Appeals has indicated that "where there are multiple defendants, all must join in a petition to remove *within thirty days of service*." *Thorn*, 305 F.3d at 833 (emphasis added) (citing *Marano*, 254 F.3d 753, 754 & n.2 (8th Cir. 2001)); *see also Ross v. Thousand Adventures of Iowa, Inc.*, 163 F. Supp. 2d 1044, 1049-50 (S.D. Iowa 2001) (denying removing party's motion to amend after thirty days of service because a removing party is not permitted "to cure its original notice of removal by adding an allegation completely missing from its original notice").

4

*Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000). "'Motions to strike under [Rule] 12(f) are viewed with disfavor and are infrequently granted.'" *Id.* (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)).

Plaintiffs claim that Chapa's Notice of Removal is completely redundant of Tyson's previously filed Notice of Removal, and, therefore, the court must strike Chapa's Notice of Removal. Plaintiffs claim Chapa's Notice of Removal is immaterial and impertinent because Tyson had already removed the case.

The court declines to strike Chapa's Notice of Removal. Plaintiffs cite no cases in which the Eighth Circuit Court of Appeals has approved of the use of Rule 12(f) to strike a second defendant's notice of removal as redundant, immaterial or impertinent simply because another defendant had already filed a notice of removal. In any event, Chapa's Notice of Removal is not redundant, immaterial or impertinent. The Eighth Circuit is a last-served defendant jurisdiction. That is, "each defendant [is allowed] thirty days after receiving service within which to file a notice of removal, regardless of when—or if—previously served defendants had filed such notices." *Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 756 (8th Cir. 2001) (citing 16 James Wm. Moore et al., *Moore's Federal Practice* § 107.30[3][a][i], at 107-163 (3d ed. 2000)).

Chapa is entitled to file his own notice of removal within thirty days of service. The mere fact Tyson was served before Chapa and beat Chapa to the courthouse cannot take away Chapa's right to file his own timely notice of removal. To hold otherwise would wholly undermine the Eighth Circuit Court of Appeals's last-served defendant rule. To strike Chapa's Notice of Removal would also potentially prejudice Chapa, who might lose his right to defend his case in federal court, through no fault of his own.

### B. Motion to Remand

Plaintiffs ask the court to remand this case to state court, because Chapa allegedly

did not timely file his Notice of Removal. In the alternative, Plaintiffs claim the case should be remanded because Count 1 arises under the workers' compensation laws of Iowa. In the further alternative, Plaintiffs contend that the court should, at the very least, decline to exercise supplemental jurisdiction over the state law claims in this matter.

### *1. Was Chapa's Notice of Removal Timely Filed?*

A defendant in state court has thirty days after receipt of service to file a notice of removal in federal court. 28 U.S.C. § 1446(b). On December 31, 2005, Plaintiffs served Chapa. On January 26, 2006, Chapa filed his Notice of Removal in this court. Because less than thirty days passed, the court finds Chapa's Notice of Removal is timely.

Plaintiffs contend Chapa's Notice of Removal was not "filed" on January 26, 2006, however, because they were not electronically served with Chapa's Notice of Removal. Chapa sent his Notice of Removal electronically to the Clerk of Court but did not identify Plaintiffs' counsel as counsel of record in the electronic filing system. The court's electronic filing system thus did not send an email to Plaintiffs' counsel informing them of the filing of Chapa's Notice of Removal. Plaintiffs admit that Chapa contemporaneously sent them a copy of the Notice of Removal via U.S. Mail, but state that due to the previous filing of Tyson's Notice of Removal they were "completely confused" and "simply placed [Chapa's Notice of Removal] in counsel's pleadings file believing it to be just a hard copy follow-up to [Tyson's] electronically filed . . . Notice of Removal."

The court finds Chapa "filed" his Notice of Removal on January 26, 2006, for purposes of 28 U.S.C. § 1446(b), notwithstanding the fact that Plaintiffs were not served with Chapa's Notice of Removal electronically. The Clerk of Court accepted Chapa's Notice of Removal on January 26, 2006, docketed it and filed it. Because the Clerk of Court filed Chapa's Notice of Removal on January 26, 2006, it was timely filed for purposes of 28 U.S.C. § 1446(b).

Although the Clerk of Court may sanction Chapa's counsel for failing to properly use the electronic filing system, *see* Local Rule 5.3(b), Chapa nonetheless served Plaintiffs via U.S. Mail. The court recognizes that the transmission of an electronic Notice of Electronic Filing is part-and-parcel of the filing of a document since the advent of electronic filing, *see* Local Rule 5.3(d), and that a technical failure of the electronic filing system does not excuse a filer from compliance with a jurisdictional deadline. Local Rule 5.3(l)(1). When such a technical failure occurs, however, the Local Rules contemplate the use of non-electronic means. Local Rule 5.3(l)(2).

In any event, Plaintiffs were not prejudiced by the technical failure of Chapa to serve them electronically; Chapa sent them his Notice of Removal via U.S. Mail. Chapa cannot be penalized because Plaintiffs' counsel did not read his mail carefully.

### *2. Does Count 1 "Arise Under" the Workers' Compensation Laws of Iowa?*

Plaintiffs request that the court remand this case to state court because Count 1 "arises under" the workers' compensation laws of Iowa. Title 28, United States Code, Section 1445(c) states: "A civil action in any [s]tate court arising under the workmen's compensation laws of such [s]tate may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). Under 28 U.S.C. § 1445(c), the presence of a workers' compensation claim taints the entire case; remand is necessary even if the case presents a federal question or the parties are diverse. *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1245 (8th Cir. 1995). On March 7, 2006, and March 14, 2006, the court issued orders in Case No. 06-CV-2003-LRR, in which it held Count 1 does not "arise under" the workers' compensation laws of Iowa. The court incorporates its ruling in that case by this reference. The court holds that 28 U.S.C. § 1445(c) does not require the court to remand this case to state court.

### 3. Should the Court Exercise Supplemental Jurisdiction over Plaintiffs' State Law Claims?

Plaintiffs ask the court to remand their state law claims to state court. Plaintiffs claim that (1) Count 3, their FMLA claim, involves separate and distinct issues from those raised in their state law claim; (2) their state law claims predominate over the FMLA claim; and (3) their state law claims raise novel and complex issues of state law.

"[I]n any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Claims within the action are part of the same case or controversy if they 'derive from a common nucleus of operative fact.'" *Myers v. Richland County*, 429 F.3d 740, 746 (8th Cir. 2005) (quoting *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997)).

The court finds that the assertion of supplemental jurisdiction over Plaintiffs' state law claims is appropriate in this case. Plaintiffs allegations derive from a common nucleus of operative fact, and are thus part of the same case or controversy. *See Myers*, 429 F.3d at 746. Indeed, Plaintiffs' own Petition at Law demonstrates as much: Plaintiff incorporates the allegations in Count 1 and Count 2 in Count 3 and incorporates the allegations in Count 1, Count 2 and Count 3 in Count 4.

Although the exercise of supplemental jurisdiction is appropriate, the court still has the discretion to decline to exercise this power if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling

reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The court finds there is nothing novel or complex in Plaintiffs' state law claims. Plaintiffs' co-employee negligence, bad faith and loss of consortium claims are garden-variety claims. While the state law claims out-number the federal claim, they do not substantially predominate over them; nor are there other compelling reasons for declining jurisdiction. To the contrary, because Plaintiffs' claims derive from a common nucleus of operative fact, substantial interests are served by ruling on all the claims at the same time and in the same court. *See McLaurin v. Prater*, 30 F.3d 982, 984 (8th Cir. 1994). To rule otherwise would result in

> a duplicative state-court action at the same time the federal claims [are] proceeding in the district court. [Such a decision would be] certain to produce more rather than less overall litigation, and a greater rather than a reduced strain on comity and judicial resources.

*Montano v. City of Chi.*, 375 F.3d 593, 602 (7th Cir. 2004).

In light of the court's decision, Plaintiffs ask that the court grant them ten days "to decide whether they still want to pursue Count 3 and remain in Federal Court, or are willing to dismiss the FMLA claim in order to have the matter remanded." The court shall grant Plaintiffs' request. Should Plaintiffs decide to dismiss their FMLA claim, the court shall re-examine whether it should still exercise supplemental jurisdiction over the Plaintiffs' state law claims. *See* 28 U.S.C. § 1367(c)(3) (permitting district court to decline to exercise jurisdiction after it has dismissed all claims over which it has original jurisdiction).

### C. Motion for Joinder

In the alternative, Plaintiffs ask the court join this case with Case No. 06-CV-2003-LRR. The court agrees that joinder is appropriate, as the propriety of Tyson's Notice of

Removal is now moot.  The Clerk of Court is directed to consolidate Case Nos. 06-CV-1003-LRR and 06-CV-2003-LRR.  The parties are directed to file all further matters under the caption of Case No. 06-CV-1003-LRR.

## IV.  CONCLUSION

**IT IS THEREFORE ORDERED THAT** Plaintiffs' Motion to Strike Notice of Removal by Martin Chapa, Motion to Remand and Motion for Joinder (docket no. 4) is **GRANTED IN PART AND DENIED IN PART**:

(1)　Plaintiffs' Motion to Strike is **DENIED**;

(2)　Plaintiffs' Motion to Remand is **DENIED**;

(3)　Plaintiffs' Motion for Joinder is **GRANTED**;

(4)　The Clerk of Court is directed to consolidate Case Nos. 06-CV-1003-LRR and 06-CV-2003-LRR;

(5)　The parties are directed to file all future documents relating to the underlying state court action, Black Hawk County Case No. LACV 097089, under Case No. 06-CV-1003-LRR; and

(6)　Plaintiffs are granted ten days to decide whether to dismiss Count 3 of their Petition at Law and file a motion to remand pursuant to 28 U.S.C. § 1367(c)(3).

**IT IS SO ORDERED.**

**DATED** this 17th day of March, 2006.

*[signature]*
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

**Copies mailed on:** 03.17.06　mem

**to counsel of record or pro se parties as shown on docket and other parties listed here:** N. Blake