# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| MARIANNE GOOD and RAY GOOD,<br><br>    Plaintiffs,<br><br>vs.<br><br>TYSON FOODS, INC., ANTHONY KARNES, MARTIN CHAPA, RICK GLEASON and MIKE GROTHE,<br><br>    Defendants. | No. 06-CV-1003-LRR<br><br>**ORDER** |

_____

Before the court is the Motion to Dismiss Count III of Plaintiffs' Petition and Supplemental Motion for Remand ("Motion") (docket no. 15). Defendants filed a Response, in which they "inform [sic] this Court that it [sic] has no objection to Plaintiff's [sic] Motion to Dismiss its [sic] federal claim and Motion to Remand."

Federal Rule of Civil Procedure 41(a)(1) grants a plaintiff the right to voluntarily dismiss the entirety of her civil action, so long as the defendant has not filed an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); *see also* LR 41.1(a)(1). Defendants have not filed an answer or a motion for summary judgment. Therefore, the court shall grant Plaintiffs' request to dismiss Count III. Fed. R. Civ. P. 41(a)(1); LR 41.1(a)(1); *see also* Fed. R. Civ. P. 15 (granting Plaintiffs leave to amend pleadings freely).

Subject-matter jurisdiction in this case was premised upon the court's federal question jurisdiction. *See* 18 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

United States."). Count III alleged a violation of federal law. Now that Count III is dismissed, only Plaintiffs' state law claims remain.

The parties agree that this case should be remanded to state court pursuant to 28 U.S.C. § 1367(c)(3). That statute provides:

> The district courts may decline to exercise supplemental jurisdiction over [state law claims] if . . . the district court has dismissed all claims over which it has original jurisdiction.

28 U.S.C. § 1367(c)(3).

Because this litigation is still in its infancy, the court shall decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and shall remand the case. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."); *see also Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) (affirming district court's decision to remand case where federal claim was involuntarily dismissed on defendant's motion for summary judgment); *Johnson v. City of Shorewood*, 360 F.3d 810, 819 (8th Cir. 2004) (same), *cert. denied*, 543 U.S. 810 (2004). The court has not expended substantial resources on the case, nor do concerns such as judicial economy, convenience, fairness or comity demand retention of the state law claims. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (urging district courts to consider such factors).

**IT IS THEREFORE ORDERED THAT:**

(1) Plaintiffs' Motion to Dismiss Count III of Plaintiffs' Petition and Supplemental Motion for Remand (docket no. 15) is **GRANTED**;

(2) Count III of Plaintiffs' Petition at Law is **DISMISSED** without prejudice;

2

(3) Plaintiffs' remaining state law claims are remanded to the Iowa District Court In and For Black Hawk County; and

(4) The Clerk of Court is directed to provide a certified copy of this Order to the Clerk of Court for the Iowa District Court In and For Black Hawk County.

**IT IS SO ORDERED.**

**DATED** this 31st day of March, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA